# JUAN BAUTISTA ARENA ET AL.

*v.*

# GUANICA CENTRALE.

---

Ponce, No. 243.

1. As heretofore several times held, the employers' liability act of March the 1st, 1902 (Rev. Stat. of Porto Rico, pages 150 et seq.), being special, is not affected by §§ 60 and 61 of the Code of Civil Procedure of Porto Rico of 1904, and therefore, Held: That damages for injury resulting in death of an employee are limited to $3,000 under the former special act.

2. See the memorandum showing the facts.

Opinion filed February 9, 1909.

---

Mr. *José A. Poventud,* attorney for plaintiffs.

Mr. *Edward S. Paine,* Mr. *Harry P. Leake,* and Mr. *M. Toro,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

This is an action for personal injuries. A mother sues for the death of her son while working around a pump for the Guanica Centrale. She first laid damages in the sum of $3,000, under the local employers' liability act, but later amended and laid the damages at $20,000. The issue at the

present time is a motion to strike out this sum of $20,000, and reinsert the $3,000 figure.

The employers' liability act is special, and was passed on March 1, 1902, and the Code of Civil Procedure has a couple of general sections in it (60 and 61) which are no doubt the sections under which the plaintiff here thinks she can recover, and which caused her to change her claim from $3,000 to $20,000.

We have examined the brief of counsel for defendant, intended to show the court that this latter act is not in conflict with the former special act. We think he is right, but we do not put it upon the same ground. We think that provisions in the Code of Civil Procedure apply to cases where the deceased was not an employee.

The motion to strike will therefore be sustained, and the sum of $20,000, claimed as damages, will be stricken, and the sum of $3,000 will be inserted in lieu thereof, and an order to that effect will be entered.